E-FILED
Tuesday, 01 February, 2022  04:15:42 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

BRIAN MAGNUSON,
     Plaintiff,

v.

EXELON GENERATION
COMPANY, LLC,
     Defendant.

Case No. 4:21-cv-04142-SLD-JEH

## Order

Now before the Court is the Plaintiff Brian Magnuson's Motion to File First Supplemental Complaint for Damages and Injunctive Relief (Doc. 73), Defendant Exelon Generation Company, LLC's Opposition to Plaintiff's Motion to File a Supplemental Complaint (Doc. 75), and the Plaintiff's Reply (Doc. 77).  For the reasons set forth below, the Plaintiff's Motion is GRANTED.

## I

On November 7, 2019, Plaintiff Brian Magnuson filed a Complaint (Doc. 1) against his employer Defendant Exelon Generation Company, LLC (ExGen), an operator of nuclear power plants in several states including Illinois.  Plaintiff Magnuson claimed violations of the Energy Reorganization Act (ERA), 42 U.S.C. § 5851, and the Illinois Whistleblower Act, 740 ILCS 174/20.  The Plaintiff alleged that he worked at the Quad Cities Nuclear Power Station for 33 years beginning as a station laborer and then rose through the ranks to become an Operations Shift Manager.  He further alleged that as Operations Shift Manager, he was responsible for directing the safe operations of two nuclear reactors, managing an operations crew, and ensuring that all activities were performed in accordance with state and

federal regulations, the Quad Cities Nuclear Power Station's operating license, and technical specifications.  He alleged that Defendant ExGen retaliated against him in the terms and conditions of his employment from 2015 continuing through 2017 because he disclosed nuclear safety and regulatory concerns to ExGen officials and the U.S. Nuclear Regulatory Commission (U.S. NRC) in 2015 and 2016.  Among other things, the Plaintiff says ExGen removed his security clearance, inactivated his Nuclear Regulatory Commission license, ExGen demoted him, ExGen terminated his employment on November 2, 2016 by use of an involuntary leave without pay, and ExGen reinstated him to employment in November 2017 but into a different position located more than 100 miles from the Quad Cities Nuclear Power Station and with substantially less responsibility than attendant to his former position.

On November 19, 2021, the Plaintiff filed the instant Motion to File First Supplemental Complaint.  The Plaintiff highlights the following turn of events. He alleges that ExGen and Exelon Corporation (EXC) conducted a targeted investigation of him which he learned of by an email to him from a Senior Physical Security Specialist for EXC dated June 2, 2020.  He also alleges that between July 1 and July 22, 2020, he reported to both ExGen and EXC officials that ExGen as a subsidiary of EXC, and EXC independently through its security division, were threatening him with termination because he exported important regulatory information from his company email account to his personal email in order to provide it to his attorneys and the U.S. NRC, U.S. Department of Labor, and state or federal regulators.  In his Motion to supplement, the Plaintiff seeks to:  1) add an ERA claim against ExGen; and 2) add a claim pursuant to the Sarbanes-Oxley Act (SOX), 18 U.S.C. § 1514A, against ExGen and a new defendant, ExGen's parent company EXC.  The Plaintiff seeks to do so now that his whistleblower complaints filed against ExGen and EXC with the U.S. Department of Labor have been

pending without final resolution for the statutorily prescribed periods.  *See* 42 U.S.C. § 5851(b)(4) (providing that a person who has filed a complaint with the Secretary of Labor may not bring an action in a U.S. district court until one year has elapsed without the Secretary of Labor issuing a final decision and the delay is not due to bad faith of the person seeking relief); 18 U.S.C. § 1514A(b)(1)(B) (providing that a person who has filed a complaint of retaliation under SOX may not bring an action in a U.S. district court until 180 days have elapsed without the Secretary of Labor issuing a final decision and the delay is not due to bad faith on the claimant's part).  The Plaintiff states, and the Defendant does not dispute, that the ripening of a claim requiring exhaustion can only be filed as a supplemental pleading under Federal Rule of Civil Procedure 15(d).

## II

### A

Federal Rule of Civil Procedure 15(d) provides, in relevant part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "[T]he district court has substantial discretion either to permit or to deny [a motion to supplement a pleading]."  *Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011).  The standard to supplement pleadings under Rule 15(d) is the same as to amend pleadings under Federal Rule of Civil Procedure 15(a).  *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).  Thus, a district court may deny leave to supplement where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendant, or where the amendment would be futile.  *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (stating the circumstances under which a district court may exercise its discretion to deny leave to amend under Rule 15(a)).  Here, Defendant ExGen

argues the Plaintiff's Motion to supplement should be denied because the proposed supplemental SOX and ERA claims would be futile.

B

An amendment is futile when the new pleading would not survive a motion to dismiss. *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). The Court has reviewed the proposed supplemental complaint, the Plaintiff's arguments in support of his request for leave to file it, and the Defendant's arguments of futility in support of its request that the Plaintiff's Motion be denied. It is far from certain that the proposed supplemental complaint would *not* survive a motion to dismiss. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) (stating a district court "need not allow the filing of an amended complaint . . . if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss"). Significantly, federal courts require only notice pleading and the motion to dismiss standard is one of facial plausibility, not probability. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010) ("In deciding whether a complaint can survive a motion to dismiss, we have consistently said: As a general rule . . . notice pleading remains the standard") (internal quotation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Here, if anything, the Plaintiff has included more than necessary, and the Defendant demands too much. The Court chooses to exercise its broad discretion under these circumstances to grant the Plaintiff's Motion to supplement which, notably, he filed less than three weeks after the Rule 16 Scheduling Conference was held in this case.

Furthermore, for the Court to fully delve into the parties' arguments raised via the Plaintiff's Motion to supplement the complaint, it would have to disregard the standard set forth in Rule 15(d) (that of Rule 15(a)) to *liberally* allow

4

amendment. *See Wilkerson v. WHO*, No. 21-cv-01211, 2021 WL 4443313, at *2 (C.D. Ill. Sept. 28, 2021) (stating that "supplemental pleadings generally ought to be allowed as of course, unless some particular reason for disallowing them appears") (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963)); *Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, No. 20-cv-00314, 2021 WL 1212796, at *3 (N.D. Ill. Mar. 31, 2021) (discussing that a motion to supplement pursuant to Rule 15(d) is governed by the Rule 15(a) standard that district courts "should freely give leave to amend a complaint when justice so requires") (quoting FED. R. CIV. P. 15(a)(2)); *Cummings-Fowler v. Suffolk Cnty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012) ("As a general matter, Rule 15(d) "reflects a liberal policy favoring a merit-based resolution of the entire controversy between the parties") (internal citation omitted).

### III

For the reasons set forth above, the Plaintiff Brian Magnuson's Motion to File First Supplemental Complaint for Damages and Injunctive Relief (Doc. 73) is GRANTED. The Clerk is directed to file the proposed First Supplemental Complaint for Damages and Injunctive Relief (Doc. 74). The Defendants are directed to file their answers or other responsive pleadings to the First Supplemental Complaint by February 15, 2022.

*It is so ordered.*

Entered on February 1, 2022.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

5