IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRIAN MAGNUSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXELON CORPORATION and<br>EXELON GENERATION COMPANY, LLC<br><br>　　　　Defendants. | Case No. 1:21-cv-04142<br><br>Hon. Sara Darrow<br>Magistrate Judge Jonathan E. Hawley |

**DEFENDANT EXELON CORPORATION'S MOTION TO DISMISS**

Defendant Exelon Corporation, by its attorneys, hereby moves to dismiss Plaintiff Brian Magnuson's Supplemental Complaint, ECF 79 ("Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Exelon Corporation states as follows:

1.　　Exelon Corporation is the wrong party for this employment dispute. As Plaintiff Brian Magnuson ("Magnuson") admits, his employer was Exelon Generation Company, LLC ("ExGen"), not Exelon Corporation. Compl. ¶ 6.

2.　　Magnuson alleges no facts showing that Exelon Corporation ever retaliated against him related to his employment at ExGen. Exelon Corporation was the mere parent company of ExGen. *Id.* ¶¶ 1, 8.[1] It has no employees. And it did not own or operate the Quad Cities Nuclear Generation Station where Magnuson claims retaliation from his alleged reporting of nuclear safety concerns about ExGen to ExGen management, the Nuclear Regulatory Commission, and the Occupational Safety and Health Administration. *Id.* ¶¶ 17–42.

3.　　Nevertheless, Magnuson asserts two claims against Exelon Corporation. The first is for alleged retaliation in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX"). *Id.*

---

[1] Form 10-K, Exelon Corp., Dec. 31, 2021, *available at* sec.gov/edgar/browse/?CIK=1109357.

¶¶ 109–15. The second is for alleged common law retaliatory discharge under Illinois law. *Id.* ¶¶ 152–59.

4. Both of Magnuson's claims should be dismissed as a matter of law for several reasons.

5. *First*, Magnuson cannot maintain a SOX whistleblower claim against Exelon Corporation because he was never an employee of Exelon Corporation. SOX protects whistleblowers by restricting an employer's ability to "discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against *an employee* . . . ." 18 U.S.C. § 1514A(a) (emphasis added). Magnuson admits that he was an employee of ExGen, not Exelon Corporation.

6. *Second*, even if Magnuson could assert a SOX whistleblower claim as a non-employee, he has pled no facts supporting any of the elements of the claim. Magnuson alleges nothing showing that Exelon Corporation ever committed securities violations relating to fraud against shareholders (*i.e.*, securities fraud) or that Magnuson objectively and reasonably believed that it had. Nor does Magnuson allege that he ever reported any securities fraud to Exelon Corporation or that any reporting resulted in retaliation by Exelon Corporation.

7. *Third*, Magnuson does not plead any facts to establish a common law retaliatory discharge claim against Exelon Corporation because he was not actually discharged, let alone by Exelon Corporation. At most, Magnuson alleges that he was temporarily laid off by ExGen. That allegation falls far short of a common law retaliatory discharge claim under Illinois law.

8. Accordingly, Magnuson's Supplemental Complaint should be dismissed in its entirety as to Exelon Corporation with prejudice pursuant to Rule 12(b)(6).

WHEREFORE, for the reasons stated herein and in Exelon Corporation's Memorandum in Support of its Motion to Dismiss, Exelon Corporation respectfully moves this Court to dismiss Plaintiff's Supplemental Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 5, 2022

Respectfully submitted,

By: */s/ Brian O. Watson*

Brian O. Watson
Lucas T. Rael
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, Illinois 60602
(312) 471-8700
bwatson@rshc-law.com
lrael@rshc-law.com

*Attorneys for Defendant Exelon Corporation*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 5, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/Brian O. Watson

4853-4335-4394, v. 1