IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRIAN MAGNUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-4142 |
| ) | |
| EXELON CORPORATION, a Publicly Traded ) | Hon. Sara Darrow |
| Company, and EXELON GENERATION ) | Magistrate Judge Jonathan E. Hawley |
| COMPANY, LLC, ) | |
| ) | |
| Defendants. ) | |

## CONSTELLATION ENERGY GENERATION, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF RULE 72(a) WRITTEN ORDER

Constellation Energy Generation, LLC (f/k/a Exelon Generation Company, LLC and hereafter referred to as "ExGen") responds to Plaintiff's Motion For Entry Of Rule 72(a) Written Order (the "Motion") as follows:

Plaintiff's effort to revisit matters already decided during the November 2, 2022 conference should be rejected. The Court fully explained on the record its reasons for ruling that ExGen in-house attorney Tamra Domeyer may not be deposed, and the record plainly shows that the Court concluded there was "good cause" for its decision. *See, Grove Fresh Distributors, Inc. v. John Labatt Limited,* 888 F.Supp. 1427, 1444-45 (N. D. Ill. 1995) (distinguishing J*epson, Inc. v. Makita Elec. Works, Ltd*., 30 F.3d 854 (7th Cir. 1993) where "the record amply attests to an independently determination of good cause, including a balancing of interests…."). And ExGen believes the Court properly recognized that the transcript of the November 2, 2022 hearing satisfies Rule 72's requirement of a written order "when appropriate." *See*, *Bacote v. Federal Bureau of Prisons*, 2019 WL 5964957, *1 (D. Col. Nov. 13, 2019) (written transcript sufficient to conduct a meaningful review of what Magistrate Judge considered and determined); *Scharff v.*

*Claridge Gardens, Inc.*, 1990 WL 186879, *7 (S. D. N. Y. Nov. 21, 1990) ("oral ruling by a magistrate is sufficient to trigger the ten-day period to file objections"); *In re Gabapentin Patent Litigation,* 312 F.Supp.2d 653, 658 (D. New Jersey 2004) ("Judge Falk's decision is clearly reflected in the transcript of the proceedings and the docketed minute entry of same."). Plaintiff has presented no basis why the Court should revisit its rulings on these issues or further elaborate on the basis for those decisions.

Moreover, Plaintiff's assertion that the drafting or "ghostwriting" by Ms. Domeyer of a letter sent to a third party waives privilege is wrong and Plaintiff's requested finding is neither warranted nor needed. The Court properly concluded on the record at the hearing that there was no basis to make or enter a finding that or whether Ms. Domeyer "ghostwrote" certain documents. Plaintiff's Motion provides no more reason to do so.

Plaintiff's assertion is not supported by the cases he cites and is wrong. The first line of cases cited do not involve ghostwriting and merely address whether the work product privilege is waived by disclosure of portions of the work product. One of the cases, *Appleton Papers, Inc. v. EPA*, 702 F.3d 1018 (7th Cir. 2012) addressed whether the work product privilege was waived when the government used selected portions of privileged documents in consent decrees. The court held the privilege had not been waived, finding that while the government "no longer has an interest in withholding the information made public in consent decrees, it still [had] an interest" in protecting the underlying information. *Id.*, at 1025. The other case, *Menasha Corp. v United States DOJ*, 707 F.3d 846, 847 (7th Cir. 2013) involved whether attorneys in different divisions of the Department of Justice could share information without waiving the work product privilege. The court held sharing the information did not waive the privilege. *Id.*, at 852. These

cases do not address an attorney writing or contributing to communications intended to be sent to third parties and neither has anything relevant to say about this situation.

The cases cited by Plaintiff involving "ghostwriting" are equally inapposite. Neither case holds that an attorney's writing or contributing to a document intended to be sent to a third party constitutes a waiver of an otherwise applicable privilege. In *Thompson v C&H Sugar Co.*, 2014 U. S. Dist. LEXIS 19125 (N. D. Cal Feb. 14, 2014) the court did not hold that the attorney's purported drafting of a memo sent to third parties waived a privilege. Rather, the court held that the record was insufficient to establish that an attorney, rather than the client, had drafted a memo and hence the proponent had not established that the attorney-client privilege even applied to the memo. And *S. Union Co. v. Sw. Gas Corp.*, 205 F.R.D. 542 (D. Ariz. 2002) actually supports ExGen. It involved a final letter sent to third parties and drafts of that final letter that reflected an attorney's review and comments. The court stated that the drafts of the letter reflecting the attorney's involvement were presumptively privileged: "because the drafts contained proposed language and revisions made by [the attorney] regarding the language to be included in the final version to be provided to third parties, they contain communications for the purpose of providing legal advice which satisfies the first three elements of the attorney-client privilege." *Id.* at 548. But, the court then held that any privilege in the drafts containing the attorney's comments was waived because ***those putatively privileged drafts*** had been transmitted to a third party. *Id.*, at 548. In other words, neither of these cases even addresses, let alone supports, Plaintiff's seeming assertion that an attorney's involvement in drafting a final letter that is intended to be sent to third parties—and thus is not privileged—somehow opens the attorney's underlying advice to discovery.

3

Indeed, the *Southern Union* case demonstrates the fundamental point that an attorney's involvement in the drafting of a communication to be sent to a third party, or communications about the attorney's involvement, are quintessentially privileged. Of course, a party cannot claim a privilege over language in a final communication sent to a third party just because an attorney wrote that language. But that's not what is involved here. ExGen has never claimed that the November 2, 2016 letter or other documents Plaintiff claims were "ghostwritten" are privileged. Indeed, they were sent to the Plaintiff back in 2016. Rather, it asserts, correctly, that any attorney work product or attorney client communications created in the process of drafting of those communications is privileged – which, again, Plaintiff's own authorities support. And because the final communications are not claimed to be privileged, the sending of those final communications to a third party did not waive the privilege as to an attorney's involvement in the drafting of those communications. As the *Southern Union* case makes clear, waiver occurs when the privileged matter itself is communicated to a third party.

So the bottom line is that Plaintiff's entire argument is wrong. Even if Ms. Domeyer was involved in the preparation of the documents Plaintiff references (a point they have not established), such involvement would be privileged and the sending of the communications would not make her a witness. As a result, Plaintiff's request that the Court make a "written order finding that Ms. Domeyer either was or was not doing this ghostwriting" Motion, p. 4 should be denied for the further reason that such a finding is simply immaterial to the issues before the Court.

For all of these reasons, Plaintiff's Motion seeking additional relief should be denied in its entirety.

> Respectfully submitted,
>
> CONSTELLATION ENERGY GENERATION, LLC (f/k/a EXELON GENERATION COMPANY, LLC)
>
> By: _____/s/ *Richard Winter*_____
>        One of its attorneys

Richard R. Winter
Kenneth A. Jenero
Tammy Eason
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza
Suite 2700
Chicago, IL  60606
312-263-3600
richard.winter@hklaw.com
kenneth.jenero@hklaw.com
tammy.eason@hklaw.com

#180378269_v1

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on November 8, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/s Richard R. Winter