IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRIAN MAGNUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-04142 |
| | ) |
| EXELON CORPORATION, a Publicly Traded Company, and EXELON GENERATION COMPANY, LLC, | ) Hon. Sara Darrow |
| | ) Magistrate Judge Jonathan E. Hawley |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CONSTELLATION ENERGY GENERATION, LLC'S
REPLY BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO
DISMISS PLAINTIFF'S "SECOND FEDERAL CLAIM:
DISCRIMINATION IN VIOLATION OF THE SARBANES OXLEY ACT"**

**I.   THE ORDER GRANTING PLAINTIFF LEAVE TO SUPPLEMENT DID NOT DEFINITIVELY RESOLVE WHETHER PLAINTIFF'S SOX CLAIM WOULD SURVIVE A MOTION TO DISMISS**

In response to ExGen's showing that Plaintiff's newly added SOX retaliation claim did not meet the standard set forth in *Verfuerth v Orion Energy Systems, Inc.*, 879 F.3d 789 (7th Cir (2018), Plaintiff asserts that the issue has "already been decided against the Defendants (sic) by the Court's February 1, 2022 order Doc. #78), at p. 4." While it is true that the February 1, 2022 Order made reference to the futility issue arising out of a motion to supplement a complaint, the wording of the Order suggested the Court did not fully consider whether the SOX claim would survive a motion to dismiss..

*First*, the Order does not conclude that the Supplemental Complaint's new claims would or did survive a motion to dismiss. Rather, it notes that "[i[t is far from certain that the proposed supplemental complaint would *not* survive a motion to dismiss." Order, p. 4 (emphasis in

original). ExGen does not view this as a definitive finding that the proposed supplemental complaint *would* survive a motion to dismiss.

*Second*, the Order stated in several places that in deciding whether to permit the filing of the Supplemental Complaint, the Court was applying the standard implicit in Fed.R.Civ.P. 15(a) that leave to amend should be liberally allowed.  In fact, the Court stated that "supplemental pleadings generally ought to be allowed as of course …" Order, p. 5. Relying on that standard, the Court considered it unnecessary to "fully delve into the parties' arguments raised via the Plaintiff's Motion to supplement the complaint" because to do so "it would have to disregard the standard set forth in Rule 15(d) (that of Rule 15(a)) to *liberally* allow amendment." *Id.*, at pp. 4-5 (emphasis in original).

In its Motion to Dismiss and accompanying Memorandum of Law, ExGen has fully delved into the pleading requirements for a SOX retaliation claim, and under *Verfuerth*, which is controlling, Plaintiff has failed to state a claim. Plaintiff's Opposition, which is largely non-responsive to ExGen's arguments, does not establish otherwise.

**II.     PLAINTIFF'S MUSINGS ABOUT "CAUSATION" IN A SOX RETALIATION CLAIM ARE NOT RELEVANT TO DISPOSITION OF EXGEN'S MOTION**

Plaintiff devotes 6 pages of his Opposition to an academic analysis of the standard of "causation" applicable to a SOX retaliation case.   But ExGen's Motion to Dismiss does not make a causation argument, and the AIR21 standard is not germane to resolution of ExGen's Motion.  Put in terms of the chart appearing on page 11 of the Opposition, ExGen's argument challenges whether the Supplemental Complaint meets the standard in the "third box"-- that is, whether the facts alleged, even with reasonable inferences given to the Plaintiff, are sufficiently specific with respect to the SOX claims made by Plaintiff.  Contrary to Plaintiff's suggestion, *Iqbal* and *Twombly* still apply to this analysis. The Supplemental Complaint is not sufficient to

get past the "third box," and the issue identified in the "fifth box" ("Contributing Factors"), need not be reached in order to resolve the Motion.

Wherefore, for the reasons stated above, and in ExGen's Memorandum In Support of its Motion To Dismiss, ExGen requests that Plaintiff's Second Federal Claim: Discrimination In Violation Of The Sarbanes Oxley Act be dismissed with prejudice.

Respectfully submitted,

**CONSTELLATION ENERGY GENERATION, LLC (formerly known as EXELON GENERATION COMPANY, LLC)**

By: /s/   Richard R. Winter
       One of Its Attorneys

Kenneth A. Jenero (ARDC # 3127217)
Richard R. Winter (ARDC # 6195210)
HOLLAND & KNIGHT, LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL  60606
312-263-3600
kenneth.jenero@hklaw.com
richard.winter@hklaw.com

#156885489_v1