UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRIAN MAGNUSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-04142-SLD-JEH ) |
| EXELON GENERATION COMPANY, LLC, | ) ) ) |
| Defendant. | ) ) |

ORDER

Before the Court is Plaintiff Brian Magnuson's Objections to Magistrate Protective Order and Order Denying Motion for Entry of Rule 72(a) Written Order, ECF No. 118. For the reasons that follow, the objections are OVERRULED, and the magistrate judge's November 2, 2022 and November 9, 2022 orders are AFFIRMED.

**BACKGROUND**

On September 13, 2022, the parties moved for a scheduling conference indicating a dispute: Plaintiff sought to depose one of Defendant Exelon Generation Company, LLC's in-house attorneys, Tamara Domeyer, over Defendant's objection. Mot. Ext. & Req. Conf. 1–2, ECF No. 103. The conference occurred on October 4, 2022 before Magistrate Judge Jonathan E. Hawley, who requested briefing on the issue. *See* Oct. 4, 2022 Min. Entry. In its briefing, Defendant generally argued that deposing Domeyer would be improper due to the risk of Plaintiff encountering privileged information as well as burdensome because any relevant non-privileged factual information Domeyer could speak to had been available from previous deponents. *See generally* Def.'s Br., ECF No. 105. Plaintiff argued that it was apparent Domeyer "actually made or directed and/or ghost wrote in whole or in part" adverse decisions

1

against him, so it would be prejudicial if he could not depose her. *See* Pl.'s Br. 2, ECF 109. Plaintiff also argued that privilege was waived because Domeyer had ghostwritten documents. *Id.* at 6.

I. **The November 2, 2022 Oral Order**

On November 2, 2022, counsel conferenced before Judge Hawley to discuss the matter. *See* Nov. 2, 2022 Min. Entry. Judge Hawley invited the parties to "give [him] any sort of argument or emphasize anything [they] want[ed] to as it relate[d] to [Domeyer]" and her deposition. Tr. 8:9–13, ECF No. 114. Counsel for Defendant began by reiterating Defendant's position that Domeyer was not a decision-maker, emphasizing that other employees had admitted to being the decision-makers in their depositions. *Id.* at 8:24–9:20. Counsel for Plaintiff responded that deposition testimony from human resources manager Drew Bush, who indicated he "[did not] even know who [wa]s writing" certain communications to Plaintiff, was dispositive. *Id.* at 12:9–11, 13:1–3. Counsel argued that one could "clearly tell" a lawyer was writing the communications transmitted to Plaintiff. *Id.* at 12:23–24.

After discussing another discovery issue related to Domeyer, counsel for Plaintiff reiterated Plaintiff's position that "[a]anything a lawyer ghostwrites for his client and sends to the adversary, privilege gone, and that lawyer's then subject to . . . examination." *Id.* at 18:11–14. Counsel for Defendant responded that there was "no authority for that proposition," that "[l]awyers write things all the time for their clients," and that the argument did not "logically make sense . . . in the context of the attorney-client privilege." *Id.* at 19:1–11. He then reiterated Defendant's argument that Plaintiff could have sought information about the identities of decision-makers from previous deponents. *Id.* at 19:12–20:1.

2

Counsel for Plaintiff responded that counsel for Defendant had "just basically admitted" Domeyer had ghostwritten documents. *Id.* at 21:23–24. He offered to send excerpts from an unnamed case to Judge Hawley and argued that

> [p]rivilege takes place in an intimate and closed circle of communication between an attorney and a client or an attorney and a manager. That's why . . . once the lawyer writes the letter and sends that out, then the privilege is waived, and I can send that you to. But it's just sheer logic. That's just the . . . way that it . . . works. This lawyer was running the show. . . . And this lawyer attended every single one of those meetings. . . . [H]er notes and her recollections of what reasons people were giving for doing these things to [Plaintiff], that is completely discoverable, and she is a unique source on that, and she needs to testify to what she heard those managers say.

*Id.* at 22:11–23:14. Counsel for Defendant responded that Plaintiff could have asked other deponents who had attended those meetings about their recollections, reiterating that there was no factual support for Plaintiff's proposition that Domeyer was a decision-maker. *Id.* at 23:15–24:10. Finally, counsel for Plaintiff warned of an epidemic of "hiding everything behind these in-house lawyers," which counsel for Defendant challenged. *Id.* at 24:11–25:3.

Judge Hawley began by stating that he did not disagree "that there are oftentimes complicated issues related to people who have dual roles" and "cases where . . . in-house counsel is not only providing legal advice but is . . . making business decisions." *Id.* at 25:4–14. However, he went on, "[t]his is not even a close case. . . . There's plenty of evidence as to who was making decisions and what on the business side. Simply because an attorney is present and involved in providing advice to the decision-makers does not transform the attorney into a decision-maker." *Id.* at 25:15–26:7. He concluded that it was "clear that, from all the evidence," Domeyer would not be subject to deposition because ultimately "[s]he was providing legal advice." *Id.* at 27:6–9.

3

After Judge Hawley addressed another issue, counsel for Plaintiff announced he would challenge the decision and asked Judge Hawley to make a finding on the record that Domeyer was ghostwriting the Drew Bush communications to Plaintiff. *Id.* at 28:1–29:7. Judge Hawley responded that he would not make that finding and suggested that counsel for Plaintiff had mischaracterized the earlier comment from Defendant's counsel as an admission Domeyer was ghostwriting when "[t]hey just said that they disagreed with the proposition that . . . ghostwriting automatically waives the privilege." *Id.* at 29:8–17.

Counsel for Plaintiff asked Judge Hawley to ask counsel for Defendant if Domeyer was ghostwriting. *Id.* at 29:19–30:2. Judge Hawley indicated that he would not as he had made his ruling. *Id.* at 30:3–10. Counsel for Plaintiff then requested that Judge Hawley enter a written order, which Judge Hawley denied. *Id.* at 30:11–16. Then counsel for Plaintiff asked Judge Hawley if he "[was] willing to" resolve why Domeyer was not an appropriate witness to testify about the meetings. *Id.* at 30:21–31:6. Judge Hawley responded that he had "just ruled" that Domeyer was providing legal advice, "not subject to deposition," and that Plaintiff had "plenty of other ways to get information about what happened at the meetings" but he would not obtain it from Domeyer. *Id.* at 31:7–16.

**II.    The November 9, 2022 Text Order**

Plaintiff moved for Judge Hawley to enter a written order. Mot. Entry Order, ECF No. 113. Defendant responded. Resp. Mot. Entry Order, ECF No. 115. Plaintiff then filed a reply.[1] Reply, ECF No. 116. On November 9, 2022, Judge Hawley entered a text order denying Plaintiff's motion for entry of a written order. *See* Nov. 9, 2022 Text Order ("Should any party wish to appeal the magistrate judge's oral findings made on [November 2, 2022], they should do

---

[1] The Court again reminds the parties to adhere to the Local Rules of the Central District of Illinois. *See* Civil LR 7.1(B)(3) ("No reply to the response is permitted without leave of Court.").

4

so pursuant to Fed. R. Civ. P. 72(a) and Civil Local Rule 72.2(A)." (capitalization altered)). On November 14, 2022, Plaintiff filed these objections. *See* Pl.'s Obj. 1.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 72(a) provides that

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

### II. Analysis

Objections to a magistrate judge's ruling pursuant to Rule 72(a) must be made specifically. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *see also* Civil LR 72.2(A) ("[A]n appeal must specifically designate the order appealed from and the basis for any objection."). The Court discerns several here. First, Plaintiff objects to Judge Hawley's decision to enter no written order at the conclusion of the November 2, 2022 hearing. Pl.'s Obj. 3–4, 9–12. Second, he objects to the November 9, 2022 text order denying his motion for entry of a written order "without explanation." *Id*. Third, Plaintiff objects to Judge Hawley's failure to make an explicit "good cause" determination pursuant to Federal Rule of Civil Procedure 26(c)(1). *Id.* at 9–12, 20–21. Fourth, he objects to a "blanket ruling" with regard to depositions of in-house counsel. *Id.* at 17–18. And fifth, he

5

objects to Judge Hawley's denial of his "request[] that [he] enter a finding . . . Domeyer was ghostwriting communications . . . transmitted to Plaintiff." *Id.* at 12–15.

### 1. No Written Order – November 2, 2022

Federal Rule of Civil Procedure 72(a) provides that a magistrate judge must enter a written order "when appropriate." *See, e.g.*, *Hildebrand v. Steck Mfg. Co.*, Case No. 02-WY-1125-AJ (OES), 2005 WL 8160065, at *5 (D. Colo. Oct. 5, 2005) ("[M]ost plainly, Rule 72(a) only suggests, and does not require, a written order of a magistrate judge's non[-]dispositive ruling."). Although Plaintiff argues it is essentially "always . . . appropriate to enter a written order," Pl.'s Obj. 4, he cites to two district court cases, *id.* at 11, making clear that "[a]n oral order read into the record" also satisfies a magistrate judge's Rule 72(a) obligation "to preserve the record and facilitate review," Fed. R. Civ. P. 72(a) advisory committee's notes.

Here, a written order was unnecessary because Judge Hawley articulated his reasoning on the record. Contrary to Plaintiff's characterization, the record does not evince "[s]ilent . . . adjudication" requiring the Court or the parties to guess at Judge Hawley's reasoning, Pl.'s Obj. 10. *See, e.g.*, Tr. 25:4–28:7. Although Plaintiff may dispute that reasoning, Judge Hawley nevertheless articulated "a reasoned disposition of the issues presented," Pl.'s Obj. at 11. Because Judge Hawley's explanation of his reasoning at the hearing was sufficient to preserve the record and allow for judicial review, the Court finds the lack of a written order is neither clearly erroneous nor contrary to law.

Plaintiff also argues that the absence of a written order "is contrary to . . . good government," *id.* at 4, and "den[ies] the public meaningful access" to the courts as the docket does not reference the "weighty" issues at play in this whistleblower retaliation suit, *id.* at 19–

6

20.[2]  These normative, policy-driven arguments misapprehend the district court's role in reviewing a magistrate judge's non-dispositive ruling.  *See* Fed. R. Civ. P. 72(a).

### 2.  No Explanation for Written Order – November 9, 2022

Judge Hawley's "denial without explanation of Plaintiff's motion for entry of a written order," Pl.'s Obj. 3–4, was neither clearly erroneous nor contrary to law.  Plaintiff's motion was procedurally improper: Rule 72(a) permits a party to bring his objections to the district judge; it contains no vehicle through which a party may ask the magistrate judge to reconsider his own ruling.  *See* Fed. R. Civ. P. 72(a).  Judge Hawley pointed Plaintiff to Rule 72(a) in his denial.  *See* Nov. 9, 2022 Text Order.  That was explanation enough.  *See also* Tr. 30:3–15 ("Counsel, the record you have to appeal to the district judge is what I just said on the record . . .  [T]hat is the record that you will have to appeal.  I've made my ruling. . . .  It does not require a written order.")

### 3.  Good Cause Finding

Federal Rule of Civil Procedure 26(c)(1) allows a court to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Plaintiff objects to Judge Hawley's failure to make an explicit "good cause" finding on the record.  Pl.'s Obj. 10–12 ("Not entering a written order making and explaining a good cause determination is . . . clear legal error." (quotation marks omitted)).  Certainly, Rule 26(c)(1) imposes no requirement the phrase "good cause" be incanted verbatim.  *Cf. Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858–59 (7th Cir. 1994) (searching the record for "indication" that the magistrate judge "made an independent determination" of good cause and

---

[2] Plaintiff's suggestion that the absence of a written order violates "judicial branch policies for . . . [disability] access for the hearing impaired" because reasonable accommodations such as sign language interpreters must be provided to individuals with communication disabilities, Pl.'s Obj. 20 n.7, is frivolous and has no connection to the facts before the Court.

considering potential "implicit reference[s] to good cause" in a protected order" (quotation marks omitted)). As with Rule 72(a), what matters is preservation of the record for review.

"Deposing an opponent's attorney is a drastic measure." *M & R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992). The "four criteria generally used in determining" whether to permit in-house counsel depositions are whether "(1) . . . the information sought is relevant to a major issue in the case; (2) no other means for obtaining the relevant information exists; (3) the need for the information outweighs the inherent risks of deposing opposition counsel; and (4) the information sought is not privileged." *Caponigro v. Navistar Int'l Transp. Corp.*, No. 93 C 647, 1994 WL 233772, at *1 n.1 (N.D. Ill. May 18, 1994); *M & R Amusements*, 142 F.R.D at 305–06 (the same). Having reviewed the briefs and exhibits presented to Judge Hawley prior to the November 2, 2022 hearing, the Court cannot conclude that he applied this standard erroneously in restricting Domeyer's deposition. The record supports Judge Hawley's findings that Domeyer was not acting as a decision-maker, but providing legal advice, and that the non-privileged information Plaintiff sought from her could have been obtained from other deponents. It was neither clearly erroneous nor contrary to law to restrict her deposition. *See* Fed. R. Civ. P. 26(c)(1).[3]

    4. **Blanket Ruling**

---

[3] Rule 26(c)(1) applies when "[a] party or any person from whom discovery is sought . . . move[s] for a protective order in the court where the action is pending." But "[t]he proceeding on November 2, 2022 was not oral argument on a motion filed by either party." Pl.'s Obj. 10. There are other vehicles to restrict discovery. "Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" *Smith v. Steinkamp*, No. IP01-1290-CH/S, 2002 WL 1364161, at *6 (S.D. Ind. May 22, 2002) (quoting Fed. R. Civ. P. 26(b)(2)). Any ambiguity in the record is harmless: It was not clearly erroneous or contrary to law for Judge Hawley to restrict Domeyer's deposition under either standard because the non-privileged information Plaintiff sought was available from other deponents and Plaintiff's assertion that Domeyer was a decision-maker was unsupported speculation.

Plaintiff urges the Court to "reject[]" Judge Hawley's "blanket ruling . . . in this case." Pl.'s Obj. 17–19; *see id.* at 16 ("Broad-brushed conclusions and blanket privilege on the ground that a lawyer is just acting a lawyer are legal error."). To the extent Plaintiff is raising an objection on the basis that Judge Hawley incorrectly premised his ruling on a false belief that "[d]epositions of in-house counsel are . . . per se off limits," *id.* at 17, or did not consider the specific facts regarding Domeyer, that is clearly belied by the record. *See, e.g.*, Tr. 25:7–10 ("I don't disagree that there are oftentimes complicated issues related to people who have dual roles as an attorney and on the business side.").

### 5. Ghostwritten Communications

Plaintiff argues he "presented a pure issue of law for [Judge Hawley] to determine: Is attorney-client or work product privilege waived when in-house counsel ghostwrites in an HR manager's name and without his participation a [communication] to the whistleblower announcing or directly related to the adverse action?" Pl.'s Obj. 8 (emphasis omitted). He objects to Judge Hawley's refusal to "address these facts or this issue." *Id.* Specifically, he objects to Judge Hawley's refusal to "enter a finding of fact" that Domeyer had ghostwritten communications for Bush "notwithstanding that counsel for Defendant never denied such ghostwriting." *Id.* at 12.

The record demonstrates that the issue of ghostwritten communications was extensively addressed at the November 2, 2022 hearing, including by Plaintiff's counsel, who repeatedly advanced Plaintiff's argument, *see* Tr. 18:8–14, 21:22–22:19. In response, counsel for Defendant suggested there was no support for the proposition that ghostwritten communications extinguish attorney-client privilege. *Id.* at 19:1–2. The Court has reviewed Plaintiff's initial briefing to Judge Hawley, and it found no legal support for Plaintiff's argument therein. *See*

9

*generally* Pl.'s Brief.  And counsel for Plaintiff had no readily available case law at the hearing. *See* Tr. 21:24–22:2 ("I have the case—it just didn't get into my brief, but I already have it excerpted, and I can send it to you, but it really doesn't require a case.").  Frankly, for more meaningful engagement, the arguments in support of this proposition required more meaningful development.

The case law Plaintiff points to now—to the extent the Court should even consider it in the context of a Rule 72(a) motion—is inapposite.[4]  The Court finds no support for the very broad proposition Plaintiff advances regarding ghostwritten communications.  Regardless, the Court also finds no evidence in the record supporting Plaintiff's speculation that Domeyer had ghostwritten communications.  As discussed above, what was really important in resolving the parties' dispute was Domeyer's role in Defendant's organization and the information Plaintiff sought from her.  Because the record supports the conclusions that Domeyer's role was providing legal advice and that any non-privileged information she could offer was redundant, restricting her deposition was neither clearly erroneous nor contrary to law.

## CONCLUSION

Accordingly, Plaintiff Brian Magnuson's Objections to Magistrate Protective Order and Order Denying Motion for Entry of Rule 72(a) Written Order, ECF No. 118, are OVERRULED. The magistrate judge's November 2, 2022 and November 9, 2022 orders are AFFIRMED

---

[4] The court in *Thompson v. C&H Sugar Company* considered only whether a memorandum ghostwritten by an in-house attorney was protected under the work-product doctrine.  Case No. 12-cv-00391 NC, 2014 WL 595911, at *3 (N.D. Cal. Feb. 14, 2014).  The court in *Southern Union Company v. Southwest Gas Corporation* concluded that when "documents containing confidential communications are disclosed to third parties," the information contained in those documents is no longer privileged—not that attorney-client privilege extinguishes entirely.  205 F.R.D. 542, 548 (D. Ariz. 2002).

Entered this 23rd day of August, 2023.

                                                  s/ Sara Darrow
                                                  SARA DARROW
                                CHIEF UNITED STATES DISTRICT JUDGE